IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEXTER WILLIAMS, | Case No. 4:18 CV 2040 |
| Petitioner, | OPINION & ORDER |
| -vs- | |
| | JUDGE JAMES S. GWIN |
| DAVID MARQUIS, Warden, | |
| Respondent. | |

Petitioner Lexter Williams has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, purporting to challenge the constitutionality of a conviction and/or sentence rendered by a state court in Mahoning County, Ohio.[1]

*Pro se* pleadings must be liberally construed.[2] Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3]

---

[1] (Doc. 1.)

[2] *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

[3] 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] The "allegations must be enough to raise a right to relief above the speculative level . . . ."[5] And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."[6]

Williams' petition must be dismissed for the simple reason that it fails to state any claim at all. Section 2254 grants district courts the authority to review petitions for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[7] Williams provides some information in his petition regarding the procedural history of his state-court conviction, but he is completely silent as to any claim that he is in custody in violation of the Constitution or laws or treaties of the United States.[8]

Accordingly, Williams' petition for writ of habeas corpus is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) for failure to state a claim under 28 U.S.C. § 2254 upon which relief

---

[4] *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)).

[5] *Twombly*, 550 U.S. at 555.

[6] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[7] 28 U.S.C. § 2254(a).

[8] (*See* Doc. 1 at 5-11.)

may be granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Dated: September 20, 2018                      *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           U.S. DISTRICT JUDGE